# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RICKEY BROWN**
**ADC #129190**                                                          **PLAINITFF**

**V.**                **NO. 4:23-cv-00096-BRW-ERE**

**HAGGARDY,** *et al.*                                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**    **Discussion:**

    **A.**     **Background**

Plaintiff Rickey Brown, a pre-trial detainee at the Pulaski County Detention Facility ("Detention Facility") filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Docs. 2, 6.*

In his complaint and amended complaint, Mr. Brown alleges that: (1) unidentified Detention Facility staff placed him on "restriction" denying him access to the telephone, email tablet, and commissary; (2) Officer Belt interfered with his access to the courts by denying him the ability to contact his attorney; (3) unidentified Detention Facility staff denied him envelopes so that he may contact his attorney and family; (4) he has serious medical issues and unidentified Detention Facility have "prolong[ed]" his surgery; and (5) unidentified Detention Facility staff have violated his due process rights. In his original complaint, Mr. Brown named Officer Haggardy as the sole Defendant. In his amended complaint, Mr. Brown named Officer Belt, Officer, Austin, Officer Harris, and Officer McCann as Defendants. However, in his amended complaint, Mr. Brown does not mention, or attribute any unconstitutional conduct to, Officer Austin, Officer Harris, Officer McCann, or Officer Haggardy.

On March 15, 2023, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[1] to provide Mr. Brown an opportunity to file a second amended complaint to clarify his constitutional claims. *Doc. 8*.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft*

2

On March 24, 2023, Mr. Brown filed his second amended complaint. *Doc. 9*. Mr. Brown again complains that: (1) on or around January 20, 2023, unidentified Detention Facility officials placed him on a 60-day restriction with no access to the telephone, an email tablet, or commissary; (2) Defendant Harris issued him a disciplinary "for trying to get help for my medical condition" (*Id. at 4*); (3) he could not contact his family or attorney to schedule surgery; (4) Officers Belt and Austin refused to "unlock" his attorney's telephone number; (5) Officers Belt and Austin denied his requests for envelopes; and (6) unidentified Detention Facility officers have denied him "access to the courts' prolonging scheduling for a badly needed double hernia surgery." *Doc. 9 at 4*. He names Officer Belt, Officer Harris, Officer Austin, and Sheriff Eric Higgins as party Defendants.[2] For the following reasons, Mr. Brown's claims should be dismissed based on his failure to state a plausible constitutional claim for relief.

**B.    Analysis**

1.    Sheriff Higgins

---

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] In his second amended complaint, Mr. Brown fails to identify Defendants Haggardy or McCann as party Defendants. Accordingly, he has abandoned his claims against those Defendants. The Court previously cautioned Mr. Brown that a second amended complaint, if filed, will supersede or replace his previously filed complaints. See *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). *Doc. 8*.

In a § 1983 action, a supervisor cannot be held liable for the unconstitutional conduct of a subordinate unless the supervisor was personally involved in the violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). In other words, Defendant Higgins is liable only for his own actions; that is, for his personal involvement in the deprivation of Mr. Brown's rights. *Iqbal*, 556 U.S. at 676. In his second amended complaint, Mr. Brown fails to present any facts indicating that Defendant Higgins was personally involved in the events giving rise to this lawsuit. Accordingly, Mr. Brown has failed to state a plausible constitutional claim against Defendant Higgins.

2. Access to Telephone, Email Tablet, and Commissary

Although Mr. Brown alleges that he was denied access to the telephone, an email tablet, and commissary while he was placed on 60-day restriction, he fails to identify those officers that were responsible for any such deprivation. Furthermore, prisoners do not have any right to unlimited phone use, email, or commissary. See *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (prisoners do not have a right to unlimited phone use); *Emory v. Kelley*, 2018 WL 5779593, at *1 (E.D. Ark. Oct. 3, 2018) ("prisoners have no First Amendment constitutional right to access

4

email") (internal citations omitted); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop."); and *Vega v. Rell*, 2011 WL 2471295, at 25 (D. Conn. June 21, 2011) ("Inmates have no constitutional right to purchase items from the prison commissary."). Finally, Mr. Brown fails to allege that Detention Facility officers punished him without due process of law. See *Rupert v. Boyd*, 2018 WL 1778471, at *1 (E.D. Ark. Apr. 13, 2018) (internal citations omitted) ("A pretrial detainee can't be punished for a disciplinary infraction without due process . . . In the pretrial detainee context, due process includes 'written notice of the charges, a written statement of the evidence relied on and the reasons for the action, and an opportunity to call witnesses and present documentary evidence.' . . . These requirements track those in *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)." Accordingly, any claim related to Detention Facility officials' failure to provide Mr. Brown access to the telephone, email, or commissary should be dismissed.

3. Access to Courts

To allege a plausible denial of court access claim in this context, a plaintiff prisoner must allege facts to show that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Although Mr. Brown alleges that Defendants Belt and Austin denied him telephone access to communicate with his

attorney, as well as envelopes to engage in written correspondence with his attorney, he fails to allege that any of his meritorious legal claims were "frustrated or . . . impeded." *Id*. As a result, Mr. Brown has failed to state a plausible access to the court claims.

4. Deliberate Indifference to Medical Care

To state a medical deliberate indifference claim, Mr. Brown must allege that: (1) he had an objectively serious need for medical care; and (2) Defendants subjectively knew of, but were deliberately indifferent to, his serious medical need. See *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotations and citations omitted).

In his second amended complaint, Mr. Brown alleges that Defendant Harris issued him a disciplinary when he requested assistance for his "medical situation."[3]

---

[3] To the extent that Mr. Brown asserts a retaliation claim against Defendant Harris, this claim also fails. To state a retaliation claim, Mr. Brown must allege that: (1) he engaged in constitutionally protected activity; (2) Defendant Harris took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v.*

Importantly, he does not allege that Defendant Harris denied him any medical care, or that he requested any specific medical care from Defendant Harris. Rather, Mr. Brown's primary complaint appears to be that Detention Facility officials failed to provide him an opportunity to speak with his family and attorney regarding the scheduling of hernia surgery. Such conduct, even if true, falls exceedingly short of being characterized as "criminally reckless." Accordingly, Mr. Brown's deliberate indifference to medical care claim also should be dismissed.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Brown's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 28th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

*Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). In his second amended complaint, Mr. Brown's speculative and unsubstantiated allegations against Defendant Harris are insufficient to state a plausible claim for retaliation.